UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE PORZIO | |
| | No. 3:19-cv-1994 (SRU) |
| MICHAEL PORZIO,<br>    Appellant-Debtor, | |
| v. | |
| JPMORGAN CHASE BANK, NA,<br>    Appellee-Creditor. | |

**RULING ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT**

Appellant-Debtor Michael Porzio ("Porzio") appeals the December 6, 2019 Order of the United States Bankruptcy Court for the District of Connecticut granting the Appellee-Creditor JPMorgan Chase Bank, National Association's ("JPMorgan") motion for relief from stay seeking *in rem* relief pursuant to 11 U.S.C. § 362(d)(4).

For the reasons set forth below, the Bankruptcy Court's Order is **affirmed**.

**I.  Background**

On March 1, 2007, Porzio and his son, L. Michael Porzio (collectively "the Porzios") executed an adjustable rate note in the amount of $2,500,000.00 (the "Note"). *See* Bankruptcy Court's Mem. of Decision ("Bankruptcy Order") (Doc. No. 1-1) at 2. To secure the obligations under the Note, Porzio and his son also executed a mortgage deed secured by a first mortgage on the real property known as 2 Angora Road, Westport, Connecticut, 06608 ("the Property"). *Id.* at 2. JPMorgan is the holder and owner of the Note. *Id.*

Porzio and his son have been in default on the Note since February 1, 2008. *Id.* On February 11, 2009, JPMorgan commenced a foreclosure action against the Porzios in the Connecticut Superior Court. *See JPMorgan Chase Bank v. Michael Porzio et al.*, CV-09-

5010388 (the "State Court Foreclosure Action").  On March 20, 2015, the Connecticut Superior Court entered an Order in the State Court Foreclosure Action ruling that:

> (1) JPMorgan is the holder and owner of the Note secured by a first mortgage on the property located at 2 Angora Road, Westport, Connecticut;
>
> (2) Porzio and his son are in default of the terms of the Note;
>
> (3) a photocopy of the lost original Note is valid and enforceable;
>
> (4) the fair market value of the property is $3,000,000.00; and
>
> (5) the debt owed to JPMorgan is $3,866,947.06 as of March 20, 2015.

Bankruptcy Order at 2–3.

The Superior Court also entered a Judgment of Strict Foreclosure in favor of JPMorgan and set the first law day as July 28, 2015.  *Id*. at 3.  That decision was affirmed on appeal.  *Id*. at 4.

Since the Superior Court's ruling, the Porzios have filed a total of six bankruptcy petitions to stay proceedings in the State Court Foreclosure Action, even after the Connecticut Appellate Court affirmed the initial Judgment of Strict Foreclosure.  *Id.* at 6.  On December 29, 2014, Porzio filed a Chapter 13 bankruptcy case, Case No. 14-51960.  *Id*. at 2.  Porzio received a discharge in that case on September 28, 2017.  *Id*.  On July 17, 2015, L. Michael Porzio filed a Chapter 13 bankruptcy case, Case No. 15-50988, which was dismissed for failure to prosecute because confirmation of the Chapter 13 plan was denied, and no amended or modified Chapter 13 plan was filed.  *Id.* at 3.  On February 17, 2017, L. Michael Porzio filed a second Chapter 13 bankruptcy case, Case No. 17-50174, which was dismissed for failure to cure deficiencies, including the failure to timely file a Chapter 13 plan and other required documents.  *Id.*  Two months later, on April 18, 2017, Porzio filed a second Chapter 13 bankruptcy case, Case No. 17-50418.  *Id*.  That case was dismissed on October 27, 2017 because Porzio's debt exceeded

Chapter 13 secured debt limits. *Id.* On July 26, 2018, L. Michael Porzio filed a third Chapter 13 bankruptcy case, Case No. 18-50932. *Id*. at 4. On December 17, 2018, that case was dismissed with prejudice with a one-year bar to refiling another bankruptcy case. *Id.*

Porzio's instant Chapter 13 bankruptcy case, his third, was filed on June 28, 2019. *Id.* On September 9, 2019, the Chapter 13 Trustee moved to dismiss Porzio's Chapter 13 case, on the grounds that Porzio's secured debt exceeds the statutory limit. *Id.* On September 20, 2019, JPMorgan filed its motion for *in rem* relief, arguing that the Porzios have engaged in serial bankruptcy filings for the sole purpose of preventing it from taking title to the Property. *Id.* at 4–5. Judge Manning agreed, holding that "when, as here, a debtor 'has demonstrated a clear pattern of repeat filings concerning the Property, and in each bankruptcy case the Debtor has consistently failed to honor the obligations of a debtor in good faith, and has instead used the bankruptcy filings as a scheme to delay foreclosure proceedings against the Property,' relief under section 362(d)(4) is warranted." *Id.* at 8 (quoting *In re O'Farrill*, 569 B.R. 586, 592 (Bankr. S.D.N.Y. 2017)).

Porzio now appeals the Bankruptcy Court's decision on the grounds that: (1) the Bankruptcy Court erred in concluding that the Motion for Stay Relief was a core proceeding (2) JPMorgan did not have standing to apply for *in rem* relief from the automatic stay; (3) the Bankruptcy Court was in plain error to order *in rem* stay relief against a property that was not a part of the Bankruptcy Estate, and is not owned by the Debtor; and (4) the proof of Claim 410 asserted by JPMorgan should not have been permitted because the Property was not a part of the Bankruptcy Estate. *See generally*, Appellant Br. (Doc. No. 11).

## II.     Standard of Review

Under 28 U.S.C. § 158(a)(1), federal district courts enjoy jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy judges. *See Debenedictis v. Truesdell (In re*

3

*Global Vision Products, Inc.),* 2009 WL 2170253, at *2 (S.D.N.Y. July 14, 2009).  On appeal, a district court will review a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error.  *See In re Flanagan*, 415 B.R. 29, 38 (D. Conn. 2009).

**III.    Discussion**

The primary question presented on appeal is whether the Bankruptcy Court's Order granting JPMorgan's request for relief from the automatic stay constitutes an abuse of discretion.  For the reasons set forth below, I conclude that it does not.

A.    *In Rem* Relief

A Bankruptcy Court's "decision to grant relief from an automatic stay is reviewed for abuse of discretion."  *In re Cameron*, 2019 WL 1383069, at *4 (D. Conn. Mar. 27, 2019) (citing *In re Bennett Funding Grp., Inc.*, 146 F.3d 136, 138 (2d Cir. 1998)).  "A court 'abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions.'"  *Id.* (quoting *E.E.O.C. v. KarenKim, Inc.*, 698 F.3d 92, 99–100 (2d Cir. 2012)).

Under 11 U.S.C. § 362(d)(4),[1] a creditor may seek *in rem* relief from an automatic stay

---

[1] Section 362(d) provides in relevant part:

> On Request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> > \* \* \*
>
> > (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was a part of a scheme to delay, hinder, or defraud creditors that involved
> >
> > > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

4

upon a showing "that the various petitions filed by Debtors are part of a scheme to hinder, delay and defraud the bankruptcy proceedings." *In re Blair*, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009). In addition, under 11 U.S.C. § 362(d)(4) bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citations omitted).

In this case, I conclude that the Bankruptcy Court properly granted JPMorgan's motion for *in rem* relief based on the Porzios' pattern of repeat bankruptcy filings to delay foreclosure proceedings against the Property. As discussed above, the Porzios have filed a total of six bankruptcy petitions since the Connecticut Superior Court entered its initial Judgment of Strict Foreclosure on March 20, 2015. Notably, the timing of the Porzios' bankruptcy petitions are directly related to the Superior Court's entries of strict foreclosure and new law days. *See, e.g.*, Bankruptcy Order at 4 ("On June 26, 2018, a second Judgment of Strict Foreclosure entered in the State Court Foreclosure Action which set the new law day as July 31, 2018. On July 26, 2018, L. Michael Porzio [] filed a third Chapter 13 bankruptcy case. On June 17, 2019, a third Judgment of Strict Foreclosure entered in the State Court Foreclosure Action which set the new law day as July 30, 2019. [Porzio's] instant Chapter 13 bankruptcy case, his third, was filed on June 28, 2019.") (internal citations omitted). Based on the volume and timing of the Porzios' filings, it was appropriate for the Bankruptcy Court to infer a scheme to hinder or delay JPMorgan from taking title to the Property. "The timing of the multiple bankruptcy filings and the fact that two of [Porzio's] son's bankruptcy cases were dismissed for failure to prosecute or for insufficient filings, demonstrate that [Porzio] and his son have engaged in a scheme to hinder

---

(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d).

5

or delay JPMorgan by continuously obtaining an automatic stay to prevent JP Morgan from completing the State Court Foreclosure Action." *Id.* at 6.

After reviewing the record, there is no legal or factual basis to conclude that the Bankruptcy Court's Order was an abuse of discretion.[2]

B. *Res Judicata*

Porzio's remaining arguments are barred by the *res judicata* and *Rooker-Feldman* doctrines. In his brief, Porzio argues that JPMorgan was never a note buyer of the Property, that the Property was never an asset of the bankruptcy estate, and that JP Morgan did not have standing to seek *in rem* relief. *See* Appellant Br. at 16–23. Those issues, however, were previously decided by the Connecticut Superior Court.

Under the doctrine of *res judicata* "[a] final judgement on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000). The doctrine bars "later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Medical Computer Systems, Inc. v. U.S.*, 480 F.3d 621, 624 (2d Cir. 2007). Under the doctrine, a bankruptcy court order allowing a proof of claim, even one that is uncontested, is considered final for appellate review purposes. *Id.* at 626 (citations omitted).

All four requirements for *res judicata* are present here. On March 20, 2015, the Connecticut Superior Court, a court of competent jurisdiction, entered a final judgment on the merits in the underling State Foreclosure Action. *See* Bankruptcy Order at 2. The Superior

---

[2] Porzio's argument that the Motion for Relief is a "non-core" proceeding is without merit because the Bankruptcy Court expressly held that JP Morgan's claim is secured by an interest in the Property. *See* Bankruptcy Order at 9.

Court ruled that Porzio owed a debt to JPMorgan and that JPMorgan was entitled to foreclose the mortgage on the Property. *Id*. at 7.  The Connecticut Appellate Court affirmed the judgment of strict foreclosure on January 23, 2018, before Porzio filed the instant bankruptcy petition. *Id*. at 8.  As a result, the issues of whether JPMorgan was note buyer of the Property or whether JPMorgan is entitled to enforce the Note were previously raised and decided in the State Foreclosure Action.  *See Bank of New York Mellon v. Bell*, 2014 WL 7270232, at *3 (D. Conn. Dec. 18, 2014), *aff'd sub nom. Bank of New York Mellon as Tr. for BS ALT A 2005-9 v. Bell*, 745 F. App'x 427 (2d Cir. 2018) ("In order to succeed on a foreclosure action, plaintiff must establish three elements: (1) that it owns the secured debt, (2) that the defendants have defaulted on the note, and (3) that any conditions precedent to foreclosure established by the note or mortgage are satisfied.").

Accordingly, Porzio's claim that "[a]t no time did any Note or Mortgage ever transfer to a Chase-named entity" was litigated in the State Foreclosure Action and is now barred by the *res judicata* doctrine.[3]  Appellant Br. at 3.

C.  The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine also bars Porzio's claims.  Under the *Rooker-Feldman* doctrine, federal courts lack subject-matter jurisdiction over claims that effectively challenge state court-judgments.  *See In re Wilson*, 410 F. App'x 409, 411 (2d Cir. 1995).  The Second Circuit has held that the *Rooker-Feldman* doctrine is applicable to debtors' complaints concerning state court foreclosure judgements.  *See, e.g., Baretta v. Wells Fargo Bank, N.A.* 693 F. App'x 26, 28 (2d Cir. 2017).  The *Rooker-Feldman* doctrine has four elements: (1) "the

---

[3] Porzio's arguments regarding JPMorgan's standing to apply for *in rem* relief are also barred by the *res judicata* doctrine because they are based on JPMorgan's ownership of the Property, which was previously decided by the Connecticut Superior Court in the State Foreclosure Action.  *See* Appellant Br. at 19.

federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgement; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* (citations omitted). Each element is met in this case.

First, Porzio lost the State Foreclosure Action in Connecticut Superior Court, which determined that JPMorgan is the owner of the Note. *See* Bankruptcy Order at 2–3. Second, Porzio complains of injuries caused by that judgment. *See, e.g*., Appellant Br. at 16. ("To the extent that [JPMorgan] actually had a claim against the subject Property [] the bank would be perfectly entitled to go engage whomever owns the Property . . . . What it cannot do is assert a claim on a discharged Note and then proceed to litigate against Porzio."). Third, Porzio invites district court review and rejection of that judgment. *See, e.g., id*. at 2 ("[T]he Connecticut Superior Court never had or received subject-matter jurisdiction as, self-evidently, the Court cannot undertake subject-matter jurisdiction over a Complaint brought by an entity that does not exist."). Fourth, the Connecticut Superior Court was rendered on March 20, 2015 and affirmed by the Connecticut Appellate Court on January 23, 2018, well before Porzio filed his June 28, 2019 Chapter 13 bankruptcy case. *See* Bankruptcy Order at 3–4.

Accordingly, Porzio's claims are also barred under the *Rooker-Feldman* doctrine.[4]

---

[4] Porzio's argument that the Property was not part of the bankruptcy estate is also barred by both the *res judicata* and *Rooker-Feldman* doctrines because he bases that claim on the assertion that he does not own the Property and therefore is not in default on the Note. *See* Appellant Br. at 16. As stated above, the Connecticut Superior Court expressly held that (1) JPMorgan is the holder and owner of the Note; (2) Porzio and his son are in default of the terms of the Note; (3) a photocopy of the lost original Note is valid and enforceable; (4) the fair market value of the property is $3,000,000.00; and (5) the debt owed to JPMorgan is $3,866,947.06 as of March 20, 2015. *See* Bankruptcy Order at 2–3.

**IV. Conclusion**

    For the reasons set forth above, the Bankruptcy Court's Order is **affirmed**. The Clerk is instructed to close the file.

    It is so ordered.

    Dated at Bridgeport, Connecticut, this 18th day of September 2020.

<u>/s/ Stefan R. Underhill</u>
Stefan R. Underhill
United States District Judge